# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

No. 03-3696

02-CR-288 PAM/RLE

United States of America, *
*
Appellee, *
* Appeal from the United States
v. * District Court for the
* District of Minnesota.
Kevin Thomas Kirsch, *
* [UNPUBLISHED]
Appellant. *

Submitted: June 2, 2006
Filed: June 13, 2006

Before ARNOLD, BYE, and SMITH, Circuit Judges.

PER CURIAM.

A jury found Kevin Kirsch guilty of conspiring to defraud the government, in violation of 18 U.S.C. § 286, and making false statements to a federal agency, in violation of 18 U.S.C. §§ 2 and 1001. Kirsch, who was employed at a grain elevator company in Minnesota, engaged in a scheme whereby North Dakota farmers would sell durum wheat to Kirsch at discounted prices; Kirsch would provide the farmers with false documentation reflecting a greater damage percentage to the durum wheat enabling the farmers to obtain larger crop-insurance indemnity payments and disaster payments under federal farm-aid programs; and Kirsch would later sell the durum

SCANNED
JUL 11 2006
U.S. DISTRICT COURT MPLS

wheat at a nondiscounted price. The district court[1] sentenced Kirsch to 47 months in prison and 3 years of supervised release, and ordered restitution in the amount of $751,759.59, portions of which are owed jointly and severally with other codefendants.

On appeal Kirsch asserts that the restitution amount should be offset by the amount farmers paid in insurance premiums to acquire crop insurance. He relies on United States v. Huber, 404 F.3d 1047, 1059-62 (8th Cir. 2005) (holding that insurance premiums--both amount deducted by insurer from benefits paid to defendant farmer and amount subsidized by government under crop-insurance program--could not be included in forfeiture-amount calculation because defendant farmer never actually received or controlled premiums, and thus could not have used such funds in any financial transaction or to facilitate money-laundering offense). We disagree. The restitution amount was calculated by subtracting the amount of indemnity payments and disaster payments that the government would have made to farmers with 20% grain damage from the amount of indemnity payments and disaster payments actually made to the farmers whose grain was recorded with 35% or more damage under Kirsch's scheme. The propriety of this calculation--which relies on the difference between the proper and fraudulent benefit payments--is unaffected by our holding in Huber. The restitution amount is not clearly erroneous. See United States v. Fogg, 409 F.3d 1022, 1028 (8th Cir. 2005) (clear error review of district court's determination of amount of restitution); United States v. Bougie, 279 F.3d 648, 650 (8th Cir. 2002) (when defendant fails to object to specific factual allegations contained in PSR, district court may accept facts as true for purposes of sentencing").

Kirsch also argues that the district court plainly erred when it sentenced him under mandatory Guidelines. See United States v. Booker, 543 U.S. 220, 233-37, 245,

---

[1]The Honorable Paul A. Magnuson, United States District Judge for the District of Minnesota.

258-60 (2005); United States v. Pirani, 406 F.3d 543, 550-54 (8th Cir.) (en banc), cert. denied, 126 S. Ct. 266 (2005). Although the district court sentenced Kirsch at the bottom of the Guidelines range and, in denying Kirsch's motion for a downward departure, stated it was intimidated from departing by the potential of a Congressional investigation, the court also stated its belief that a downward departure was not warranted because Kirsch's case was not outside the heartland of fraud cases. Further, in imposing the 47-month sentence, the court stated that Kirsch had abused a position of trust, what he did "was just plain wrong," and he had to be justly punished for his behavior and to afford deterrence. Thus, we conclude that Kirsch has not shown a reasonable probability based on the record as a whole that he would have received a more favorable sentence but for the treatment of the Guidelines as mandatory. See United States v. Wingate, 415 F.3d 885, 889 (8th Cir. 2005) (although district court sentenced defendant to bottom of applicable Guidelines range, defendant did not demonstrate reasonable probability court would have imposed lesser sentence absent Booker error where court denied downward departure and noted seriousness of offense; where effect of error on sentence is uncertain or indeterminate and appeals court would have to speculate, appellant has not met his burden of showing reasonable probability that result would have been different but for error); Pirani, 406 F.3d at 553 (sentence at bottom of Guidelines range is insufficient, without more, to demonstrate reasonable probability that court would have imposed lesser sentence absent Booker error).

Accordingly, we affirm the judgment of the district court and we deny Kirsch's motion for a remand.

______________________________

A TRUE COPY OF THE ORIGINAL
MICHAEL E. GANS, CLERK
UNITED STATES COURT OF APPEALS
FOR THE EIGHTH CIRCUIT

BY: Michael E. Gans